**In re Burl HOWELL, et al., Petitioner.**

**No. 12–4483.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P. Jan. 25, 2013.

Opinion Filed Jan. 30, 2013.

Burl Anderson Howell, La Grange, NC, pro se.

Before: SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges.

OPINION

PER CURIAM.

Burl Anderson Howell, proceeding pro se and in forma pauperis, petitions for a writ of mandamus compelling the Clerk of the United States District Court for the District of Delaware to issue summonses to defendants in a civil action Howell initiated. Howell, proceeding pro se, filed a complaint and an amended complaint pur-

suant to 42 U.S.C. § 1983. The amended complaint was related to Howell's conviction of second degree forgery arising out of his forgery of his brother's will and second degree perjury. *See In re Petition Howell,* 2007 WL 1114123 (Del. Apr.16, 2007). Howell was ordered to pay restitution to his brother's estate and his amended complaint concerns events and litigation surrounding that restitution order. Howell named as defendants a judge and two justices in the Delaware state courts, a state court commissioner, a claimant of his deceased brother's estate, two attorneys, and a limited liability corporation.

Howell filed a motion to proceed in forma pauperis that was granted. Howell also filed a motion to transfer the case to the Eastern District of North Carolina, a motion for a service order, a motion for exemption from paying PACER user fees, a motion for summary judgment, and a renewed motion for summary judgment. In January 2013, the District Court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The District Court concluded that the defendants who were members of the judiciary were entitled to judicial immunity, the remaining defendants were not state actors acting under the color of state law, and that Howell's remedy, if any, rested in the Delaware state courts. The District Court denied all pending motions as moot and chose to not exercise supplemental jurisdiction over any state law claims.

Howell filed the instant petition for mandamus in December 2012. In his petition Howell asks us to direct the Clerk of the District Court to issue summonses to the defendants named in Howell's amended complaint pursuant to Rule 4(a) and (b) of the Federal Rules of Civil Procedure.

Mandamus is a drastic remedy granted only in extraordinary cases. *See In re*

*Diet Drugs Prods. Liab. Litig.,* 418 F.3d 372, 378 (3d Cir.2005). To prevail the petitioner must establish that he has "no other adequate means" to obtain relief and that he has a "clear and indisputable" right to issuance of the writ, and the reviewing court must determine that the writ is appropriate under the circumstances. *Id.* at 378–79. Mandamus cannot be used as a substitute for appeal. *Id.* at 379; *see also Madden v. Myers,* 102 F.3d 74, 77 (3d Cir.1996) ("Indeed, a writ of mandamus may not issue if a petitioner can obtain relief by appeal."). Howell's complaint was dismissed as frivolous and his pending motions, including his motion for a service order, were denied as moot. To the extent that Howell's current request for relief is not moot, the regular appeal process for civil cases provides an adequate means for Howell to challenge the District Court's ruling. Moreover, Howell has not established that he has a clear and indisputable right to the issuance of the writ. Therefore, we will deny the petition for writ of mandamus.